UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORMAN BIRD, *et al.*,

Plaintiffs,

v.

INGHAM COUNTY SHERIFF DEPARTMENT, *et al.*,

Defendants.
_________________________________/

Case No. 1:14-cv-633

HON. JANET T. NEFF

**OPINION AND ORDER**

This is a civil action brought pursuant to 42 U.S.C. § 1983 by Plaintiffs Norman and Raymond Bird. Plaintiff Raymond Bird paid the filing fee but subsequently moved to withdraw from the case (Order of Partial Dismissal, Dkt 15). Plaintiff Norman Bird was granted leave to proceed in forma pauperis (Dkt 6). On June 27, 2014, the Magistrate Judge filed a Report and Recommendation, recommending that Plaintiff Norman Bird's action be dismissed upon initial screening pursuant to 28 U.S.C. § 1915(e)(2)(B) because the complaint fails to state a claim upon which relief may be granted. The matter is presently before the Court on Plaintiff Norman Bird's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. For the reasons that follow, the Court denies the objections and issues this Opinion and Order.

Plaintiff Norman Bird contends that the Magistrate Judge erred in concluding that Plaintiff has failed to state a claim upon which relief may be granted. Specifically, Plaintiff asserts that "[t]he

court must accept [as] true the fact that the land was patented," that "[t]he state has no jurisdiction on patented lands," and that "[c]ivil rights were violated" (Pl. Obj., Dkt 11 at 2). Plaintiff's objections fail to demonstrate any legal or factual error in the Magistrate Judge's analysis or conclusion.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court described its two-prong test for determining whether a plaintiff has adequately stated a claim upon which relief may be granted. First, a court "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Next, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

Here, beginning with the first prong of the test, Plaintiff asserts that "[t]he police cannot enter the house and hold the occupants hostage, and in handcuffs for 3.5 hours with no legal search warrant" (Pl. Obj., Dkt 11 at 3). The Court notes that, although Plaintiff's objection references the absence of a search warrant and implies that an illegal search or seizure occurred, this claim is not mentioned at all in the complaint (Dkt 1), nor in Plaintiff's supplements to his complaint (Dkts 5 & 7). Even when the complaint, supplements, and objections are considered together, Plaintiff's allegations constitute merely conclusory statements alleging violations of various state laws and civil rights, and bare legal conclusions "are not entitled to the assumption of truth." *See Iqbal*, 556 U.S. at 679.

Moving on to the second prong, the facts alleged in the affidavits Plaintiff attached to his objections similarly do not describe any plausible claim. Again, at best, these facts could be consistent with an unlawful search or seizure, but the facts do not plausibly establish a violation of

constitutional rights. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

In sum, Plaintiff has failed to meet the pleading standard required under *Twombly* and *Iqbal*. Plaintiff is required to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests" in his pleading. *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Plaintiff has provided nothing more than conclusions of alleged wrongdoing, which do not provide Defendants with fair notice of the claim(s) against them. The Court therefore denies Plaintiff's objections and adopts the Report and Recommendation as the Opinion of the Court.

The Court will also enter a corresponding Judgment. *See* FED. R. CIV. P. 58. For the above reasons and because Plaintiff is proceeding in forma pauperis, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of the Judgment would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

**THEREFORE, IT IS HEREBY ORDERED** that the objections (Dkts 11, 12) are DENIED and the Report and Recommendation (Dkt 9) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Complaint (Dkt 1, as supplemented by Dkts 5 & 7) is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C § 1915(a) that an appeal of the decision would not be taken in good faith.

Dated: December 15, 2014

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge